**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

IVAN SAMANIEGO,

Plaintiff,

v.

CDCR, et al.,

Defendants.

Case No. 1:21-cv-0839 JLT CDB

ORDER ON MOTIONS IN LIMINE

(Docs. 91, 92)

Ivan Samaniego seeks to hold the defendants liable for violations of his civil rights while he was incarcerated at the California Correctional Institution in Tehachapi, California. (*See* Doc. 47.) The matter will proceed to trial on Plaintiff's excessive force claim against defendants Mumby, Perez, Castillo, Luque, Gray, Zavaleta, Weiss, Harris, Cervantes, and Davis. (*See* Doc. 77 at 8.) Plaintiff and Defendants filed motions in limine, which are now before the Court. (Docs. 91, 92.)

## I. MOTIONS IN LIMINE

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although not explicitly authorized by the Federal Rules of Evidence, the Court may consider such motions in limine pursuant to its "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). These motions "allow parties to resolve evidentiary disputes ahead of

trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted). Thus, parties may file motions to exclude inadmissible or prejudicial evidence before the evidence is introduced at trial. *See Luce*, 469 U.S. at 40 n.2. However, motions in limine should not be used to weigh evidence or address factual disputes, which usurps the role of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000).

A party seeking the exclusion of evidence "has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023) (citation omitted). To satisfy this burden, the movant "must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). "Motions in limine seeking the exclusion of broad categories of evidence are disfavored." *Scott v. Beregovskaya*, 2026 WL 353198, at *1 (E.D. Cal. Feb. 9, 2026) (citation omitted); *see also Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).

The rulings below do not preclude either party from raising the admissibility of the evidence, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible, such as for impeachment or if the opponent opens the door to allow for its admissibility. However, if this occurs, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.[1]

## II. PLAINTIFF'S MOTIONS

### A. <u>Motion in Limine No. 1</u>: To exclude evidence of Plaintiff's prior felony conviction for impeachment purposes (Doc. 92 at 1)

Plaintiff asserts the Court should "exclude all evidence of his prior felony conviction(s) on the grounds that such evidence is irrelevant to the issues at trial and its minimal probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff under Federal

[1] Rulings on motions in limine "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

Rule of Evidence 403." (Doc. 92 at 3.) Plaintiff notes that his "prior conviction is for rape" and contends that "rape and sexual assault convictions are among the most prejudicial information a jury can receive." (*Id.* at 4, emphasis omitted.) According to Plaintiff, the introduction of his "rape conviction risks inflaming the jury and creating the false impression that Plaintiff himself is prone to sexual violence, thereby undermining his credibility on the central issue of whether he was the victim of sexual assault by Defendants." (*Id.* at 5.) Plaintiff contends the probative value of his conviction is minimal, as "the specific nature of [his] conviction … adds nothing to the jury's assessment of his truthfulness." (*Id.*) He acknowledges that "[i]n civil rights alleging excessive force, the plaintiff's credibility is often central, and prior felony convictions may cause the jury to discredit the plaintiff based on character rather than the strength of the evidence." (*Id.* at 6.) He contends that his "credibility can be tested through cross-examination regarding his knowledge of the events, inconsistencies in his testimony, and his motive to fabricate, without resort to a conviction that will cause the jury to decide the case on an improper basis." (*Id.*)

Defendants contend that Plaintiff "might have a point, if [he was] serving a conviction for rape, and if Defendants were seeking to use evidence of a rape conviction to impeach him." (Doc. 93 at 3.) However, Defendants report that Plaintiff's central file shows that he "was convicted in 2007 on two counts of first-degree murder, and he is currently serving a sentence of life without the possibility of parole for those first-degree murder convictions." (*Id.* at 4, citing Chan Decl. Exh. DX-XX [Doc. 93-1 at 3-4, 6-8].) Defendants assert they "are not aware of any rape conviction, and do not seek to use evidence about any rape conviction at trial." (*Id.* at 4.) According to Defendants, they identified this records discrepancy for Plaintiff during the meet-and confer process. (*Id.* at 5.) Defendants also note, "Courts in this district regularly allow defendants to introduce evidence at trial about an incarcerated plaintiff's criminal conviction and the length of his sentence under Rule 609. (*Id.*, citing, *e.g.*, *Petillo v. Jasso*, 2023 WL 5596531, at *3-4 (E.D. Cal. Aug. 29, 2023); *Bush v. Santoro*, 2024 WL 363714, at *12-13 (E.D. Cal. Jan. 31, 2024); *Puckett v. Zamora*, 2015 WL 3871976 (E.D. Cal. June 23, 2015).) Thus, Defendants argue the Court should deny this motion. (*Id.*)

Based upon the evidence presented—which Plaintiff does not dispute—Plaintiff's

arguments related to a conviction for rape are unavailing.[2] As Plaintiff acknowledges, evidence of a conviction for a crime punishable for more than one year "must be admitted, subject to Rule 403 in a civil case" to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Because Plaintiff is currently serving the sentence for the identified murder convictions, admission for impeachment is mandated under Rule 609(a), unless the probative value is substantially outweighed by unfair prejudice or another concern identified under Rule 403.

The fact that Plaintiff was convicted of two felonies is probative of the issue of Plaintiff's character for truthfulness. There is no *undue* prejudicial effect to the evidence that he is incarcerated because the jury will be aware that Plaintiff brings his claims a prisoner. On the other hand, because Plaintiff's convictions involve acts of violence and his current claims involve disputed facts of a violent incident, the nature of his convictions pose a significant risk of unfair prejudice by suggesting Plaintiff has a propensity for violence. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"); *see also Hernandez v. Constable*, 2025 WL 2946557, at *2 (E.D. Cal. Oct. 17, 2025) (finding evidence related to the nature of the plaintiff's murder conviction was subject to limitations, due to the danger of unfair prejudice). In addition, evidence regarding the length of Plaintiff's sentence "invites speculation from the jury regarding the nature of Plaintiff's conviction," and creates a risk of undue prejudice. *See Perez v. Dill*, 2016 WL 8730761, at *5 (E.D. Cal. Jan. 29, 2016) (finding the defendants should not introduce "evidence about the length and terms" of the plaintiff's sentence of "23 years plus life without the possibility of parole" due to the risk of prejudice, but allowing the defendants "to elicit evidence regarding the date his current incarceration began").

Although evidence related to the convictions of Plaintiff can be used for impeachment, the scope of such evidence must be limited. Towards that end, Plaintiff's motion in limine is **GRANTED in part**. *See Hernandez*, 2025 WL 2946557, at *2; *Perez*, 2016 WL 8730761, at

[2] In Plaintiff's opposition to the defendants' motions, he acknowledges that his "prior conviction was for a crime he committed when he was 16 years old: murder, when he was a teenager." (Doc. 94 at 15.)

*4-5. Defendants may introduce evidence that Plaintiff was convicted of two felonies and the date his incarceration began. Defendants may not introduce evidence relating to the nature of the crimes for which Plaintiff was convicted or the length of his sentence.

**B. <u>Motion in Limine No. 2</u>: To exclude evidence of convictions more than ten years old (Doc. 92 at 11)**

Plaintiff argues, "To the extent Defendants seek to introduce any conviction more than ten years old, such evidence must be excluded under Federal Rule of Evidence 609(b) unless Defendants satisfy the heightened standard required for admission of remote convictions." (Doc. 92 at 11.) According to Plaintiff, the defendants "bear[]the burden of showing … that the proffered evidence's probative value substantially outweighs its prejudicial effect," and they "cannot meet that burden here." (*Id.*, citing *States v. Rodriguez-Landa*, 2019 U.S. Dist. LEXIS 27793 (C.D. Cal. Feb. 13, 2019).) Therefore, Plaintiff "requests that the Court exclude any conviction more than ten years old under Rule 609(b)." (*Id.* at 14-15.)

Defendants argue the Court should deny this motion. (Doc. 93 at 2-4.) Defendants observe that "although Plaintiff's conviction for his commitment offense is from 2007, Plaintiff is still currently serving his life sentence for this conviction." (*Id.*) Consequently, Defendants argue that "Rule 609(b)'s ten-year presumptive bar does not apply here." (*Id.*, citing *Gonzalez-Chavez v. City of Bakersfield*, 2015 WL 429672, *5; *Thomas v. Garcia*, 2013 WL 3773861, *2 (E.D. Cal. July 17, 2013); *Barnett v. Gamboa*, 2013 WL 178132, *4 (E.D. Cal. Jan. 16, 2013).)

Rule 609 limits the use of convictions where it has been more than 10 years since the conviction or release from confinement for it, whichever is later, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Importantly, as Defendants argue, this bar does not apply where the plaintiff is currently serving his sentence for the conviction, even if sentence more than ten years ago. *Barnett,* 2013 WL 178132, at *4 ("the ten-year rule does not apply" when the plaintiff was "still serving []his sentence"); *see also Ellis v. Navarro*, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) (finding the ten-year time limit under Rule 609(b) was inapplicable because the plaintiff remained incarcerated for the

identified conviction, even though he had served more than ten years). Because the only evidence regarding Plaintiff's conviction history before the Court relates to his current sentence and incarceration, the ten-year bar is inapplicable. Therefore, Plaintiff's motion in limine related to the exclusion of evidence under Rule 609(b) is **DENIED**.

**C. Motion in Limine No. 3: To exclude collateral details and circumstances of Plaintiff's prior conviction (Doc. 92 at 8)**

Plaintiff contends that "if the Court permits Defendants to impeach Plaintiff with the bare fact of a prior conviction, the scope of that impeachment must be strictly limited…". (Doc. 93 at 8, citing *Am. Home Assurance Co. v. Am. President Lines*, 44 F.3d 774 (9th Cir. 1994). Plaintiff observes that the limitations shall "prevent the jury from being distracted by inflammatory details that have no bearing on the witness's character for truthfulness and that create a high risk for unfair prejudice." (*Id*. at 9, citing Fed. R. Evid. 403.)

The Ninth Circuit observed that "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *U.S. v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007) (quoting *U.S. v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). In their opposition, Defendants indicate they "will not seek to use any evidence about the underlying details or circumstances of Plaintiff's convictions." (Doc. 93 at 5.) As discussed above, details regarding Plaintiff's conviction would be unduly prejudicial in this civil action. Accordingly, the motion to exclude collateral details and circumstances is **GRANTED**.

**D. Motion in Limine No. 8: To exclude evidence of Plaintiff's positive toxicology screen (Doc. 92 at 16)**

Plaintiff notes that he "tested positive for amphetamines and opiates during a toxicology and drug screening performed on May 25, 2019," and requests evidence of the screening be excluded. (Doc. 92 at 16.) According to Plaintiff, the drugs were "intentionally injected narcotics into his system via a baton during the sexual assault," and "the toxicology results are consistent with Plaintiffs version of events." (*Id.* at 17.) He argues, "The issue at trial is whether Defendants used force maliciously and sadistically to cause harm" and his "alleged intoxication

or drug use does not make it more or less probable that Defendants acted with malicious intent." (*Id.*) Plaintiff also asserts the toxicology results are consistent with his version of the events and "do not support Defendants' theory that Plaintiff was voluntarily intoxicated." (*Id.*) Furthermore, Plaintiff asserts that "[i]nforming the jury that [he] tested positive for amphetamines and opiates creates a high risk that the jury will conclude Plaintiff is a drug user and therefore unworthy of belief or unworthy of protection under the Constitution." (*Id.*) Plaintiff also contends there is a "risk that the jury will engage in improper propensity reasoning: because Plaintiff uses drugs, he must have been acting erratically or violently, and Defendants' use of force was therefore justified." (*Id.*) Plaintiff concludes that "[t]he danger of unfair prejudice substantially outweighs any probative value," and the evidence should be excluded under Fed. R. Evid. 403. (*Id.* at 18.)

Defendants counter that the hospital toxicology results should be permitted into evidence. (Doc. 93 at 5-6.) Defendants observe, "the parties previously agreed that the fact Plaintiff tested positive for opiates and amphetamines was an undisputed fact." (Doc. 83 at 6, citing Doc. 81 at 3; Doc. 85 at 3.) In addition, Defendants argue the test results are "highly relevant to Plaintiff's sexual assault claim" given the allegation that the drugs were injected into his system via a baton. (*Id.*) Defendants note they deny the sexual assault allegations and contend the drugs were "voluntarily consumed" prior to the underlying events. (*Id.*) According to Defendants, their expert witness … opined that Plaintiff's intoxication explains the difficulty Defendants faced when attempting to subdue him; justifies Defendants' perception of Plaintiff's behavior as a dangerous threat; and explains why Plaintiff was not impacted by the force used by Defendants, which then justified Defendants' assessment to escalate their tactics." (*Id.*) Defendants contend the "positive toxicology results are therefore highly probative for both Plaintiff's claims *and* Defendants' defenses." (*Id.*, emphasis in original.) Thus, Defendants contend any prejudice "is equally shared by both parties," and the probative value of the toxicology results "substantially outweighs any prejudicial effect." (*Id.*)

Under the Federal Rules of Evidence, any evidence that is not relevant is not admissible. Fed. R. Evid. 402. To determine that evidence is relevant, the Court must find "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the

fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.u

With an Eighth Amendment excessive force claim, "the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Ninth Circuit applies a five-factor test to evaluate whether the force used was malicious and sadistic: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Id.* Importantly, Plaintiff's behavior, which is disputed, goes to the threat perceived by officers. The Ninth Circuit determined that evidence of drug use—that was unknown to officers—may be admissible "where what the officer perceived just prior to the use of force is in dispute." *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (in a case evaluating a use of force under the Fourteenth Amendment).

As Defendants note, the parties stipulated in their statement of undisputed facts that "Plaintiff tested positive for amphetamines and opiates during a toxicology and drug screening that was performed on May 25, 2019, at Dignity Health Mercy Bakersfield Hospital." (Doc. 81 at 3, ¶ 13.) Plaintiff does not show the identified evidence is not relevant, or that the prejudicial effect outweighs the probative value given his own allegation that the defendants injected the drugs into his system during the sexual attack. Indeed, this evidence is significantly probative as it impacts whether Plaintiff could properly perceive and/or recall the events at issue. The motion is **DENIED**.

**E. <u>Motion in Limine No. 9</u>: To exclude evidence that Plaintiff jammed his cell door or attempted suicide (Doc. 92 at 19)**

Plaintiff contends the Court should not permit any "evidence that Plaintiff jammed his cell door with milk cartons and other objects or that Plaintiff attempted to hang himself prior to

Defendants' entry into his cell." (Doc. 92 at 19.) According to Plaintiff, evidence regarding the cell extraction and suicide attempt was fabricated by the defendants, and the parties' "competing narratives present a disputed issue of fact for the jury." (*Id.* at 20.) He contends, "Whether Plaintiff jammed his cell door or attempted suicide is relevant only if the jury credits Defendants' version of events." (*Id.*) Furthermore, Plaintiff contends the prejudicial effect of the evidence outweighs any probative value, because it "creates a high risk that the jury will conclude Plaintiff was mentally unstable, uncooperative, or dangerous, and that Defendants' use of force was therefore justified." (*Id.* at 20-21.)

Defendants oppose the motion for three reasons. (Doc. 93 at 7-8.) First, Defendants note that "the parties previously agreed that the fact Plaintiff jammed his cell door with milk cartons and other objects is an undisputed fact." (Doc. 93 at 7, citing Doc. 81 at 2.) Second, Defendants assert that any "evidence that Plaintiff jammed his cell door or attempted suicide goes directly to the parties' credibility," and "corroborating evidence … would significantly impact whether the jury accepts Plaintiff's or Defendants' version of events." (*Id.*) Third, Defendants argue that the identified "this evidence is relevant to the claims and defenses in this case, and its probative value greatly outweighs any unfair prejudice." (*Id.*) Specifically, Defendants contend the evidence is "highly probative as to whether Defendants' initial entry into Plaintiff's cell and their use of force was justified" and "whether [they] reasonably perceived Plaintiff to be unstable, uncooperative, or dangerous during the events that followed." (*Id.* at 7-8.) Defendants contend that even if "relevant evidence might lead a jury to 'conclude Plaintiff was mentally unstable, uncooperative, or dangerous, and that therefore Defendants' use of force was therefore justified,' [this] does not make it *unfairly* prejudicial." (*Id.* at 8, quoting *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)) (emphasis in original).

With claims for excessive force, "the reasonableness of force used is ordinarily a question of fact for the jury." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997). The Ninth Circuit observed that an "excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom…" *See Avina v. United States*, 681 F.3d 1127, 1130-31 (9th Cir. 2012). That the parties dispute Plaintiff's conduct prior

to the use of force is not a proper reason to exclude the identified or establish a prejudicial effect that is outweighed by the probative value. Rather, such evidence is relevant for the jury—which is responsible for weighing any evidence—to evaluate any threat perceived by the officers and whether the use of force was required. *See Hughes*, 31 F.4th at 1220; *see also Reeves,* 530 U.S. at 150. Moreover, "a conflict in the evidence goes to the weight of [the evidence], not to its admissibility." *United States v. Candoli*, 870 F.2d 496, 509 (9th Cir. 1989). Accordingly, Plaintiff fails to carry the burden to show evidence or testimony related to his jamming the door or any suicide attempt should be excluded, and the motion is **DENIED**.

## III. DEFENDANTS' MOTIONS

### A. <u>Motion in Limine No. 1</u>: To exclude opinion evidence or inference by Plaintiff and his witnesses as to the nature, extent, and cause of his alleged injuries (Doc. 91 at 4)

Under the Federal Rules of Evidence, a lay witness may offer testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Pursuant to Rule 702, a person is permitted to "testify in the form of an opinion" related to "scientific, technical or other specialized knowledge" if the witness is "qualified as an expert by knowledge, skill, experience, training or education." Fed. R. Evid. 702. The testimony must also be based upon sufficient facts or data, a product of reliable methods and principle, and reflect a reliable application of the identified methods and principles. *Id.*; *see also Stevenson v. Holland*, 504 F. Supp.3d 1107, 1121 (E.D. Cal. 2020).

<u>1. Plaintiff</u>

Defendants anticipate that "Plaintiff may attempt to testify that he sustained specific injuries as a result of the Defendants' purported conduct on May 24, 2019." (Doc. 91 at 4.) Defendants contend that Plaintiff "lacks competent medical expertise, training, or education to offer opinions or inferences as to the nature and extent of his alleged injuries, or whether any medical conditions diagnosed by medical professionals were caused by the alleged acts in this

case." (*Id.*, citing Fed. R. Evid. 701; *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014).) Thus, Defendants assert that Plaintiff "should not be permitted to introduce any opinion testimony regarding his medical records, medical conditions, alleged injuries, or that the Defendants' conduct caused or exacerbated any diagnosed medical condition." (*Id.* at 6.)

Plaintiff argues that the motion should be denied because Defendants "mischaracterize[] the scope of permissible lay testimony and improperly seek[] to silence Plaintiff from describing what he experienced." (Doc. 94 at 4.) Plaintiff indicates he intends to "testify about what he felt, saw, heard, and experienced," including: "the pain of being pepper-sprayed, punched, kicked, and beaten; the sensation of a baton penetrating his rectum; the physical injuries he observed on his own body; and the medical treatment he received at Mercy Hospital." (*Id.* at 5.) He also intends to "testify that Defendants beat him, that he felt pain, that he saw blood and bruising, that he was taken to the hospital, and that doctors treated him." (*Id.* at 6.) Plaintiff asserts this testimony is based upon his own perceptions and "proper lay witness testimony." (*Id.* at 5, emphasis omitted; *see also id.* at 6 (citing *Stevenson*, 504 F. Supp. 3d 1107, *Crawford v. City of Bakersfield*, 944 F.3d 1070 (9th Cir. 2019).)

As both parties acknowledge, the Ninth Circuit indicated that "'medical diagnoses are beyond the competence of lay witnesses.'" *Tobeler*, 749 F.3d at 830 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).) In addition, any testimony by Plaintiff of diagnoses received from treating physicians "are hearsay when offered to prove the truth of the diagnosis itself." *See Clemente v. Carroll*, 2026 WL 1850082, at *3 (C.D. Cal. June 5, 2026). Thus, Plaintiff may not testify as to any diagnoses or prognoses, but he may testify about his own perceptions, including what he felt during the incident, how any injury felt over time and how it feels now, and as to any other information that is within his own personal knowledge. *See Stevenson*, 504 F. Supp.3d at 1121; *Hernandez*, 2025 WL 2946557, at *2 (limiting the testimony of the plaintiff to "his personal experiences, including how he felt and what he observed relating to his medical needs or condition").

Defendants' motion is **GRANTED in part**, and Plaintiff's testimony regarding any injuries shall be limited to matters within his own perception. He **SHALL NOT** offer any

testimony regarding diagnoses, opinions, inferences, or causation.

2. Physician witnesses

Defendants observe that Plaintiff did not designate any retained or unretained expert witnesses. (Doc. 91 at 5.) However, Defendants anticipate that "Plaintiff may attempt to elicit expert medical opinions from witnesses he has identified, including Dr. Shah, Dr. Mangat, Dr. Norris, and Dr. Wu from Bakersfield Mercy Hospital." (*Id.* at 4.) Defendants argue that because these hospital physicians were not identified as expert witnesses, "Plaintiff should be precluded from eliciting any expert opinion testimony from these witnesses regarding diagnoses, opinions, inferences, or causation." (*Id.* at 5, citing *Bernal v. Sacramento Cnty. Sheriff Dep't*, 2026 WL 480654, at *5-6 (E.D. Cal. Feb. 20, 2026), *Stirm v. United States*, 2025 WL 351044 (E.D. Cal. Jan. 31, 2025).) For example, Defendants contend "any opinion from these doctors as to the cause of Plaintiff's injuries such as 'he was beaten very badly' or that any possible sepsis was caused by such a beating is an improper opinion that should be excluded." (*Id.* at 6.)

Plaintiff argues that he was "not required to designate his treating physicians as expert witnesses to introduce their records or testimony…." (Doc. 94 at 6, emphasis omitted.) He asserts Dr. Shah, Dr. Mangat, Dr. Norris, and Dr. Wu "may testify as fact witnesses about their observations, examinations, and treatment of a patient without being designated as experts." (*Id.*, citing *United States v. Latu*, 46 F.4th 1175 (9th Cir. 2022), *United States v. Lukashov*, 694 F.3d 1107 (9th Cir. 2012). Thus, Plaintiff contends the physicians' testimony should not be excluded. (*Id.* at 6-7.)

Under the Federal Rules, a party must timely disclose a written report of a witness if that witness is retained or employed to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2). However, the credentials of a witness do not "automatically convert[]" a treating physician into an expert witness subject to the disclosure and report requirements. *Clemente*, 2026 WL 1850082, at *3. Rather, treating physicians may be treated as percipient witnesses and "testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." *See Goodman v. Staples the Off. Superstore, LLC,* 644 F.3d 817, 819 (9th Cir. 2011). However, because Plaintiff did not provide reports required by Federal

Rules of Civil Procedure 26(a)(2)(C), they may not testify about any topic which implicates their expertise. This includes questions of diagnosis and prognosis, causation or, even, why they treated Plaintiff as they did if their treatment decisions were based upon their expertise. Instead, as treating physicians, Dr. Shah, Dr. Mangat, Dr. Norris, and Dr. Wu are limited to testifying only what they perceived as percipient witnesses.

Accordingly, the motion in limine is **GRANTED in part**, and the testimony of the treating physicians shall be limited to matters based on their own perceptions and not based on any specialized knowledge.

**B. Motion in Limine No. 2: To exclude evidence that the State may pay a judgment rendered against defendants (Doc. 91 at 7)**

Under Rule 411 of the Federal Rules of Evidence, whether a person was insured at the time that a party incurred harm is inadmissible to prove liability. In most instances, the State of California is required to indemnify its employees in litigation arising from acts committed during the course and scope of their employment. Cal. Gov't Code § 825. Courts typically preclude any evidence related to the potential financial repercussions on state government defendants, including "any statements about the State of California's finances, taxpayers paying a judgment, or how much it would cost the state" to provide compensatory relief. *Emery v. Harris*, 2014 WL 467081, at *5 (E.D. Cal. Feb. 5, 2014). Because whether the State is required to indemnify its employees awards of general and special damages, the unopposed motion is **GRANTED**.

**C. Motion in Limine No. 3: To exclude any evidence or testimony regarding Defendants' involvement in other lawsuits, claims, or alleged misconduct (Doc. 91 at 9)**

1. Other acts

Defendants anticipate that Plaintiff may seek "to introduce evidence or testimony about other allegations made against Defendants of other misconduct, including lawsuits, other prison grievances (appeals) that have been filed against them, or other alleged incidents." (Doc. 91 at 9.) Defendants argue that such evidence and testimony "should be precluded under Federal Rules of Evidence 404(b)(1) and 403." (*Id.*) According to Defendants, "Evidence of prior lawsuits or

complaints against Defendants does not tend to prove that Defendants violated Plaintiff's rights in this case." (*Id.*) They believe that "evidence of past complaints of misconduct would only serve to confuse the jury into thinking that Defendants must have violated Plaintiff's rights because they were accused of wrongdoing in the past." (*Id.*) Furthermore, Defendants contend "the only purpose of this evidence would be to argue propensity, which is explicitly excluded by the Federal Rules of Evidence." (*Id.* at 10.)

"Evidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Under Rule 404(b), evidence of officers' prior misconduct, such as disciplinary records and history of complaints, is often considered inadmissible as improper character evidence. *Bryant v. Gallagher*, 2016 WL 5846987, at *2 (E.D. Cal. Oct. 5, 2016); *see also Edwards v. Bratton*, 2016 WL 1588398, at *3 (E.D. Cal. Apr. 20, 2016) (granting motion in limine to preclude plaintiff from questioning defendants about their personnel records because other inmate's complaints are irrelevant and improper character evidence).

Plaintiff argues the Court should deny the motion because "[e]vidence that Defendants have been the subject of prior complaints or lawsuits alleging excessive force, retaliation, or misconduct is admissible to show motive, intent, knowledge, absence of mistake, or common plan—all proper purposes under Rule 404(b)(2)." (Doc. 94 at 9, citing *United States v. Ray*, 920 F.2d 562 (9th Cir. 1990).) Plaintiff notes that his allegations include "that Defendants targeted him for retaliation because he reported Defendant Harris's assault on inmate Joe Nino." (*Id.*) Plaintiff contends, "[e]vidence that Defendants have a history of retaliating against inmates who report misconduct is directly relevant to proving Defendants' motive and intent in this case" and "supports Plaintiff's theory that Defendants acted maliciously and sadistically to cause harm." (*Id.*) Plaintiff argues such evidence also "rebuts any claim by Defendants that the force was applied in good faith to maintain order." (*Id.*)

The Ninth Circuit determined evidence may be admitted under Rule 404(b) if: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in

certain cases) the act is similar to the offense charged." *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (citation omitted). If evidence satisfies Rule 404(b), then the Court must "decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.* The proponent of the disputed evidence bears the burden of demonstrating its admissibility. *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998). Plaintiff fails to carry this burden.

Significantly, Plaintiff's claim for retaliation was dismissed when the Court granted the defendants' partial motion for summary judgment for failure to exhaust administrative remedies. (Doc. 77 at 9.) Thus, his arguments related to retaliation are unavailing.[3] Evidence of prior lawsuits or complaints against Defendants does not tend to prove that Defendants violated Plaintiff's rights in this case or engaged in excessive force. Evidence of past complaints of misconduct would confuse the jury into thinking that Defendants must have violated Plaintiff's rights because they were accused of wrongdoing in the past. Consequently, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury. The introduction of this evidence will also waste time and unnecessarily prolong the trial because it would require additional evidence and witnesses who have nothing to do with the underlying events at issue. Thus, Defendants' motion is **GRANTED** and Plaintiff **SHALL NOT** present evidence of Defendants' involvement in other lawsuits, claims, or alleged misconduct.

2. Defendant Luque's termination

Defendants expect that Plaintiff may attempt to bring evidence regarding the termination of Defendant Luque, who "resigned from his position." (Doc. 91 at 10.) However, Defendants do not identify a specific legal basis to support their request to exclude such evidence. (*See id.*) Merely mentioning identifying a potential evidentiary issue is insufficient to invoke this Court's consideration, and the Court declines to manufacture arguments on Defendants' behalf. *See Acosta-Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir. 1992) (contentions lacking supporting

[3] Moreover, as discussed below, Defendants moved to preclude Plaintiff from any testimony regarding "claims already dismissed by this Court" and Plaintiff did not oppose the motion. (*See* Doc. 91 at 17.)

argument and citation to relevant authorities are deemed abandoned); *see also Sound View Innovations v. Hulu*, 2019 WL 4640393, at *7 (C.D. Cal. Aug. 5, 2019) (a parties seeking a motion in limine "must identify … a particularized legal basis" to support the request). Thus, the motion, to the extent Defendants seek to exclude evidence of Luque's separation from his employment is **DENIED** without prejudice to Defendants renewing an objection to the evidence at trial.

3. Defendant Luque's arrest

Defendants anticipate Plaintiff will bring evidence regarding Luque's arrest. (Doc. 91 at 10.) They note that while Luque had a misdemeanor arrest, "the prosecution declined to file charges." (*Id.*) Thus, Defendants contend any evidence regarding the arrest "should be excluded under Rule 609." (*Id.*)

Notably, Rule 609 governs the impeachment of a witness "by evidence of a criminal *conviction*." Fed. R. Evid. 609(a) (emphasis added). To this end, an individual's "*arrest* history" is "outside the scope of Rule 609." *United States v. Tisby*, 2023 WL 3341892, at *5 (D. Nev. May 10, 2023) (emphasis added). For this reason, the motion in limine, to the extent Defendants seek exclusion of the evidence under Rule 609 is **DENIED**.[4]

**D. Motion in Limine No. 4: To exclude evidence or testimony of offers to compromise (Doc. 91 at 11)**

Defendants note that the parties have engaged in settlement discussions and request that the Court "preclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations." (Doc. 91 at 11.). The Federal Rules of Evidence expressly prohibit the admission of evidence of settlement negotiations to establish liability, providing in relevant part:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: [] furnishing, promising, or offering — or

[4] In the event Plaintiff intends to bring evidence of the arrest of Defendant Luque, such evidence **SHALL** be first raised outside the presence of the jury, for the Court to properly weigh the admissibility of such evidence under Rule 608 and avoid any undue prejudice.

> accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim …

Fed. R. Evid. 408(a)(1). Plaintiff does not oppose this motion. (*See* Doc. 91 at 11; *see also* Doc. 94.) Defendants' unopposed motion in limine is **GRANTED** and any evidence related to offers to compromise is deemed prohibited under Rule 408(a).

**E. <u>Motion in Limine No. 5</u>: To exclude Plaintiff's Mercy Hospital medical records (Doc. 91 at 12)**

Defendants object to Plaintiff introducing his medical or mental health records, including records from Mercy Hospital, "on the grounds that they lack foundation and are inadmissible hearsay." (Doc. 91 at 12, citing Fed. R. Evid. 602, 801, 802, 401, 402.) They contend the records are "out-of-court statements composed by third parties, which are hearsay." (*Id.*, citing Fed. R. Evid. 802, 803.) According to Defendants, "Plaintiff will be unable to lay proper foundation for these records composed by third parties as he lacks personal knowledge concerning the contents of these records." (*Id.*) Defendants maintain the hospital records "can only be offered or explained by a medical or mental health expert." (*Id.*)

Plaintiff argues that this motion is premature, and improperly "seeks a blanket exclusion of broad categories of evidence." (Doc. 94 at 11.) Plaintiff contends his "medical records from Mercy Hospital are directly relevant to proving the extent of his injuries and corroborating his testimony that Defendants used excessive force." (*Id.*) In addition, Plaintiff asserts the hospital records "are admissible under the business records exception, Rule 803(6), if proper foundation is laid." (*Id.*, citing, *e.g.*, *United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993), *United States v. Ray*, 920 F.2d 562 (9th Cir. 1990), *MRT Constr. v. Hardrives, Inc.*, 158 F.3d 478 (9th Cir. 1998).) Plaintiff contends the Mercy Hospital records satisfy Rule 803(6) because "[t]he records were made at or near the time of Plaintiff's treatment, kept in the regular course of the hospital's business activity, and made by persons with knowledge—the treating physicians and nurses." (*Id.*) Plaintiff indicates that he "intends to lay the proper foundation through a custodian of records or other qualified witness who understands the hospital's record-keeping system." (*Id.* at 12.) Further, he asserts Defendants' argument that the records contain information that requires

an expert testimony "is without merit" because "[m]edical records are routinely admitted and understood by juries in civil rights excessive force cases." (*Id.*)

Importantly, to preclude evidence on a motion in limine, it "must be inadmissible on *all* potential grounds." *Lee v. Dennison*, 2023 WL 221327, at *1 (D. Nev. Jan. 17, 2023) (citation omitted) (emphasis added). As Plaintiff indicates that he intends to lay a proper foundation and an exception to the hearsay rule may apply to the hospital records, it is unclear whether the medical evidence may be admissible. Because it appears this motion to exclude evidence is premature, the Court declines to find the hospital medical records are inadmissible at this time. *See Garcia v. Praxair, Inc.*, 2021 WL 38183, at *30 (E.D. Cal. Jan. 4, 2021) (explaining that because a hearsay exception may apply, it was necessary to defer ruling on the admissibility of medical records until the trial). Accordingly, the Court **RESERVES** its ruling on this motion and the admission of any Plaintiff's medical records from Mercy Hospital until trial.

**F. <u>Motion in Limine No. 6</u>: To limit questioning concerning prison officials' family status and personal relationships (Doc. 91 at 14)**

Defendants request that Plaintiff not be permitted to "question[] any prison official concerning their marital status, family status, or personal relationships outside the prison setting." (Doc. 91 at 14.) Defendants assert that any information regarding "marital and family status and personal relationships outside the prison setting are not relevant to whether Defendants violated Plaintiff's constitutional rights under Federal Rules of Evidence 401 and 402." (*Id.*) Plaintiff does not indicate any intent to illicit such testimony, and he does not oppose the motion. (*Id.*; *see also* Doc. 94 at 1.) Accordingly, the unopposed motion is **GRANTED**.

**G. <u>Motion in Limine No. 7</u>: To exclude reference to a "code of silence" or "alliance" among correctional officers, or "the green wall" (Doc. 91 at 15)**

Defendants request that Plaintiff not be permitted to mention or elicit any testimony regarding " a 'code of silence' or 'alliance' among correctional officers and other officials, or related concepts such as 'the green wall.'" (Doc. 91 at 15.) Defendants argue such evidence "should be excluded because they are irrelevant to the claims at issue." (*Id*, citing Fed. R. Evid. 401-402, *Sartori v. Cty. of Los Angeles*, 676 Fed. Appx. 680, 683 (9th Cir. 2017).) Defendants

also argue that "green wall" and "code of silence" evidence is "unduly prejudicial to Defendants and will create a trial within a trial to determine whether such a conspiracy exists, confusing the issues, misleading the jury, and wasting time." (*Id.*, citing *e.g.*, *Coloyan v. Badua*, 256 Fed. Appx. 958, 959 (9th Cir. 2007).) Defendants also identify several cases in which this Court found such evidence should be excluded. (*See id.* at 15-16, citing *Branch v. Umphenour*, 2017 WL 220129 at *6-7 (E.D. Cal. Jan. 18, 2017); *Shepard v. Bass*, 2012 WL 6115675 at *2 (E.D. Cal. Dec. 10, 2012); *Emery v. Harris*, 2014 WL 710963 at *2 (E.D. Cal. Feb. 21, 2014); *Buckley v. Evans*, 2007 WL 2900173 at *4 (E.D. Cal. Sept. 28, 2007).)

Plaintiff opposes the motion, arguing "such evidence is directly relevant to Plaintiff's retaliation claim and to the credibility of Defendants' testimony." (Doc. 94 at 13.) He contends, "Plaintiff alleges that Defendants conspired to retaliate against him for reporting Defendant Harris's assault on inmate Joe Nino, and that Defendants coordinated their assaults and fabricated reports to cover up their misconduct." (*Id.* at 12-13.) He also asserts that "code of silence" evidence is "relevant to explaining why no officer intervened to stop the assaults, why Registered Nurse Presson failed to provide medical care, and why Lieutenant Tyree and Sergeant Escarcega stood by and watched the assaults occur." (*Id.* at 13.) Plaintiff argues that he alleged "a conspiracy among the Defendants in this case" and should be permitted to present evidence supporting the allegation. (*Id.* at 13-14.)

Importantly, as noted above, the Court dismissed Plaintiff's retaliation claim when granting the motion for partial summary judgment. (*See* Doc. 77.) The Court also dismissed Plaintiff's claims under the Eighth Amendment for failure to intervene and failure to protect. (*Id.* at 8.) Finally, a review of the Fourth Amendment claim shows that Plaintiff did not include a separate "conspiracy" claim against the defendants. (*See generally* Doc. 47.) Consequently, Plaintiff's argument that he should be permitted to preset such evidence as relevant to the identified claims—including retaliation, failure to protect, failure to intervene, and a conspiracy—is unpersuasive. Rather, any evidence at the trial must be relevant to the sole remaining claim of excessive force and not cause undue prejudice to Defendants.

Plaintiff fails to show that a "code of silence" or "green wall" are relevant to the excessive

force claim in issue. As Defendants argue, if such evidence were permitted, it would cause confusion as to the issues to be decided in this action and mislead the jury. It also could require "a trial within a trial" to determine whether a "code of silence" or green wall" exists with officers and employees—including Defendants—at the California Correctional Institute. *See Shepard*, 2012 WL 6115675, at *2. Finally, the Court agrees that the probative value of such evidence is outweighed by the danger of unfair prejudice to Defendants. *See Branch*, 2017 WL 220129 at *6-7 (finding testimony regarding a "code of silence" and "green wall" "would likely result in unfair prejudice" against the defendants); *Shepard*, 2012 WL 6115675 at *2 (same).

Although the Court will not permit reference to a "code of silence," "green wall" or an "alliance" among correctional officers, Plaintiff may question witnesses about what they observed and reported, and he may attempt to identify bias or inconsistencies to address Defendants' credibility. *See Jackson v. Mendez*, 2015 U.S. Dist. LEXIS 154717, at *8-9 (E.D. Cal. Nov. 13, 2015) (granting a motion in limine to exclude "code of silence" evidence because it was not relevant to an excessive force claim, and explaining the exclusion did not prevent questions to witnesses "about the events at issue, what they observed, and what they reported, if anything, or from attempting to draw out any inconsistencies or other matters of credibility); *see also Shepard*, 2012 WL 6115675, at *2 (granting a motion to exclude evidence of a "code of silence" and "green wall", but explaining the plaintiff could still "argue that any correctional office[r] who testifies for the defendant is prejudiced and is lying for his fellow officers simply because they work together, are affiliated with one another, or are friends"). Accordingly, the motion to exclude reference to or evidence of any "code of silence," "green wall," or correctional officer alliance is **GRANTED**.

**H. <u>Motion in Limine No. 8</u>: To exclude testimony and evidence regarding Defendants' motion for summary judgment, motions to dismiss, and any dismissed claims (Doc. 91 at 17)**

Defendants request that any evidence related to "Defendants' motion for summary judgment, motions to dismiss, or the Court's rulings on dismissed claims or evidence." (Doc. 91 at 17.) Defendants also contend that "Plaintiff should be excluded from testifying or eliciting

testimony or mentioning claims already dismissed by this Court," because such evidence is irrelevant and unfairly prejudicial. (*Id.*) Plaintiff does not oppose the motion. (*Id.*; *see also* Doc. 94 at 1.) The unopposed motion is **GRANTED.** Plaintiff **SHALL NOT** present evidence regarding the motion for summary judgment, motions to dismiss, or his dismissed claims.

**I. Motion in Limine No. 9: Allow Plaintiff's and Plaintiff's witnesses' criminal history into evidence (Doc. 91 at 18)**

Defendants indicate that they "will seek to impeach Plaintiff's trial testimony, and that of any incarcerated witnesses, with evidence of their prior felony convictions." (Doc. 91 at 19.) Plaintiff opposes the motion, asserting any conviction evidence should be excluded or limited. (Doc. 94 at 14.)

1. Plaintiff

The Court established the parameters of evidence related to Plaintiff's conviction in addressing Plaintiff's Motion in Limine No. 1. Towards that end, Defendants' motion to permit conviction evidence is **GRANTED in part**. Defendants may not introduce evidence relating to the nature of the crimes for which Plaintiff was convicted or the length of his sentence.

2. Witnesses

Defendants observe that Plaintiff identified four CDCR inmates as witnesses: Isaiah Oliveras, T. Machado, Ismael Gonzalez, and Anthony Davis. (Doc. 91 at 19, *see also* Doc. 90 at 2-3.) Defendants contend they "should be permitted to use these witnesses' felony convictions for impeachment…." (*Id.*)

Any impeachment evidence related to a conviction must comply with Rule 609 of the Federal Rules of Evidence. As to the felony convictions, which gave rise to these witnesses' current incarceration, the defense may introduce the fact of the felony conviction, the name of the offense, the date of conviction and the punishment imposed. As to any other felony convictions, the Court lacks information regarding these convictions or when they occurred. Without additional information, the Court is unable to determine whether the conviction evidence must be admitted under Rule 609(a)(1) or Rule 609(a)(2), or if it should be limited under Rule 403. Accordingly, the Court **GRANTS** the motion **in PART** and **RESERVES** its ruling related to

other felony convictions.

**J. <u>Motion in Limine No. 10</u>: To exclude any expert testimony from Plaintiff as to Defendants' use of force (Doc. 91 at 20)**

The disclosure of expert witnesses is governed by Rule 26(a) of the Federal Rules of Procedure. Parties must disclose the identity of each expert who will testify at trial. Fed. R. Civ. P. 26(a)(2)(A). When a witness is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). Any party failing to satisfy expert disclosure requirements "is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The exclusion sanction is "self-executing" and "automatic" to "provide[] a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted)

Defendants observe that Plaintiff did not designate "a use of force expert" and contend he should not be permitted "to have witnesses testify as an expert regarding Defendants' use of force." (Doc. 91 at 20.) Defendants assert that Plaintiff should not be permitted to elicit testimony from his witnesses "regarding the proper application and use of force in the prison setting, or whether Defendants' actions complied with CDCR's use of force policies." (*Id.* at 21.) It is undisputed that Plaintiff did not designate an expert regarding the use of force, and Plaintiff does not oppose this motion. (*See generally* Doc. 94; *see also id.* at 18.) Therefore, the unopposed motion is **GRANTED** and Plaintiff **SHALL NOT** elicit testimony from his witnesses that require specialized knowledge and would be within the purview of a "use of force expert".

IT IS SO ORDERED.

Dated: <u>August 25, 2026</u>

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE